# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Jack-Post Corporation,

     *Plaintiff,*

      v.

Panacea Products Corporation, Lowe's Companies, Inc., and Lowe's Home Centers, LLC,

     *Defendants.*

Case No. 1:24-cv-12207

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Jack-Post Corporation ("Jack-Post") files this Complaint against Defendants Panacea Products Corporation ("Panacea"), Lowe's Companies, Inc., and Lowe's Home Centers, LLC (collectively, "Lowe's" or "Defendant Lowe's") (all together, "Defendants"), and respectfully pleads as follows:

## NATURE OF THE ACTION

1.    This action arises from Defendants' willful trade dress infringement, unfair competition, and deceptive trade practices resulting from their unauthorized use of Plaintiff's common law trade dress rights in Jack-Post's popular and distinctive metal Christmas tree stand, which has been exclusively offered for sale by Jack-Post continuously since 2001. By willfully and intentionally infringing Jack-Post's Trade Dress, Defendant Panacea has violated the Lanham Act, 15 U.S.C. § 1125, and related state statutory and common law causes of action. By materially contributing to and facilitating the sale of infringing products—and by either being willfully blind to or actively encouraging Defendant Panacea's infringement—Defendant Lowe's is similarly liable under the Lanham Act as a direct or contributory infringer.

2.      Defendants' infringing activities further subject it to liability for violations of Illinois state statutory laws, specifically the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* Defendants' unlawful acts also constitute an intentional interference with the business relationships of Plaintiff Jack-Post. Finally, Defendants have entered into a civil conspiracy under Illinois common law to infringe Jack-Post's rights in its Trade Dress.

3.      Although Jack-Post worked in good faith to resolve this trade dress dispute without the intervention of the courts, Defendants have ignored Jack-Post's cease-and-desist letters and any attempt to resolve this matter.

4.      This lawsuit, which Jack-Post worked to avoid but which has now become necessary, seeks to enjoin Defendants' infringement of Jack-Post's Trade Dress, from confusing consumers seeking Jack-Post's distinctive metal Christmas tree stand inside and outside of Illinois, and from unfairly profiting from Jack-Post's hard-earned reputation and goodwill. Jack-Post seeks to restore the pre-infringement status quo of the parties and to be compensated for Defendants' willful violation of Jack-Post's Trade Dress.

## JURISDICTION AND VENUE

5.      This action arises under the United States Trademark Laws, 15 U.S.C. §§ 1051–1127, commonly known as the Lanham Act. This Court therefore has original jurisdiction over this controversy pursuant to 15 U.S.C. §§ 1116 and 1121, and 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1338(b) and has supplemental jurisdiction over the Jack-Post's state-law claims pursuant to 28 U.S.C. § 1367, as those claims are so related to Jack-Post's claims under the Lanham Act that they form a part of the same case or controversy.

7.      This Court has personal jurisdiction over Defendants pursuant to 28 U.S.C. §

1391(b) because a substantial part of the acts or omissions giving rise to Jack-Post's claims occurred within this judicial district—*e.g.*, infringement of Jack-Post's Trade Dress (as described more fully below). Additionally, this Court has jurisdiction over Defendants based on Defendants' sale of infringing products in Illinois. Furthermore, this Court has personal jurisdiction over Defendants based on their substantial, continuous, and systematic contacts with the State of Illinois, and Defendants purposefully availing themselves of the privilege of conducting business within this State.

8.  Venue is therefore proper in this District pursuant to 28 U.S.C. § 1391(b).

## **PARTIES**

9.  Plaintiff Jack-Post is a corporation duly organized and existing pursuant to the laws of the State of Indiana, with its principal place of business located at 800 E Third Street, Buchanan, MI, 49107, United States.

10.  Defendant Panacea is, and at all times relevant hereto was, an Ohio Corporation with its principal place of business at 2711 International Street, Columbus, OH 43228-4604. On information and belief, Defendant Panacea is a manufacturer of decorative products for the garden and hearth industry.

11.  Lowe's Companies, Inc. is, and at all times relevant hereto was, a North Carolina corporation with its principal place of business in 1000 Lowe's Blvd, Mooresville, NC 28117-8520. On information and belief, Lowe's Companies, Inc. is a retailer of hardware and home-improvement products.

12.  Lowe's Home Centers, LLC is, and at all times relevant hereto was, a North Carolina corporation with its principal place of business in 1000 Lowe's Blvd, Mooresville, NC 28117-8520. On information and belief, Lowe's Home Centers, LLC is a retailer of hardware and home improvement products.

**FACTS**

**Jack-Post's Distinctive Trade Dress**

13.    Jack-Post was founded in Gallien, Michigan, in 1964 to make building columns, also known as jack-posts. John Bycraft and Charley Pomeroy acquired the company in 1981 and developed a line of fabricated steel consumer products, for example, outdoor furniture, clothes lines, flagpoles, fireplace screens, and snow shovels.

14.    In January of 1999, Jack-Post acquired the Christmas tree stand business of National Metal. The product line included stamped steel Christmas tree stands and injection molded plastic Christmas tree stands.

15.    Since 1999, Jack post has successfully competed in the Christmas tree stand market against competitors, such as Lakewood Engineering, L's Giant, Decorations for Generations, and others.



| LAKEWOOD ENGINEERING STAND | L'S GIANT STAND | DECORATIONS FOR GENERATIONS STAND |
|---|---|---|

16.    In 2001, Jack-Post invented and developed a welded Christmas tree stand that would compete in the already crowded marketplace. This distinctive metal Christmas tree stand is referred to by its product number as the "7304 Welded Tree Stand." Below is an image of the 7304 Welded Tree Stand:



Exhibit A ("Jack-Post's 7304 Welded Tree Stand Product Listing"); *available at* https://www.lowes.com/pd/29-75-in-Metal-12-ft-Tree-Stand/3262865 (last visited November 26, 2024).

17.     The round shape and angle of the legs in the 7304 Welded Tree Stand are different than any other models in the market, as is the oversize water bowl. Another unique feature of the 7304 Welded Tree Stand is the use of a textured green powder coat paint as opposed to the more traditional gloss paint. Jack-Post uses this green powder coat finish on all of its steel Christmas tree stands, including specifically the 7304 Welded Tree Stand. The color and texture are unique to Jack-Post and distinguish its Christmas stand products from its competitors. Another unique feature is the use of bright red feet on the stand, which are also unique to Jack-Post and are consistently used on other Jack-Post products.

18.     The configuration of the 7304 Welded Tree Stand, with its distinctive colors, shape, and feet, is unique in the marketplace, making it a distinctive product configuration trade dress

identified exclusively with Jack-Post (hereinafter the "Jack-Post Christmas Stand Configuration Trade Dress").

19.     Jack-Post has continuously marketed the 7304 Welded Tree Stand since 2001. The product also uses a registered trademark LIFETIME® (U.S. Trademark Reg. No. 2,820,029) on the products sold through Lowe's. *See* Exhibit B ("LIFETIME Trademark Registration").

20.     On July 10, 2001, Jack-Post applied for a design patent on the distinctive and ornamental design of the 7304 Welded Tree Stand. The design patent was issued December 11, 2001, as U.S. Design Patent D451,839 (the "'839 Patent"). Exhibit C ('839 Patent). Throughout the lifespan of the '839 Patent, Jack-Post was the only company legally allowed to manufacture and sell Christmas tree stands embodying the distinctive and ornamental design that defines the Jack-Post Christmas Stand Configuration Trade Dress, and thus had more than fifteen years of market exclusivity during which customers came to identify and distinguish Jack-Post as the source of the 7304 Welded Tree Stand.

21.     Jack-Post markets its tree stand that is identified by the Jack-Post Christmas Stand Configuration Trade Dress with a "look for" open-design box to so that consumers can readily identify this product by its distinctive configuration. This open-design box includes a front cut-out, side hand-holes, and four white zip-ties to secure the legs of the product to the box.

7304 WELDED TREE STAND IN ITS "LOOK FOR" OPEN DESIGN BOX



22.     Because of the unusual configuration, and the fact that the product is displayed at retail in its exposed packaging, consumers may readily identify the 7304 Welded Tree Stand by its distinctive configuration.

**Jack-Post's Close Business Relationship With Defendant Lowe's**

23.     The 7304 Welded Tree Stand was presented to Defendant Lowe's in 2001. Defendant Lowe's placed test order for a few thousand stands for a limited number of stores that year. By 2002, the Stands were distributed nationally and have been continuously sold by as Item #54896, Model #7304-LC, each holiday season through 2023. Defendant Lowe's has sold tens of

thousands of the 7304 Welded Tree Stand each year from 2002 through 2023, representing millions of dollars in revenue.

24. As a result of the successful partnership between Jack-Post and Lowe's, the two companies have partnered to sell additional products, including Jack-Post's plastic resin Christmas tree stands, which have a markedly different appearance from the product sold under the Jack-Post Christmas Stand Configuration Trade Dress.

25. Since 2001, Jack-Post has worked with Lowe's to balance pricing and profits to the benefit of both companies. The companies have traditionally negotiated the pricing for all of Jack-Post's products offered at Lowe's collectively.

26. For the 2022 season, Lowe's expressed its displeasure with the COVID-driven price increases on Jack-Post's plastic resin Christmas tree stands, and significantly delayed approval of the annual distribution agreement between the parties before finally signing with Jack-Post to order its plastic resin stands and 7304 Welded Tree Stands for the holiday season.

27. Negotiations for the 2024 season between Lowe's and Jack-Post started on a different note than previously and were more contentious than they had been since the partnership began in 2001. At the initial sales call for all vendors for the 2024 season, Lowe's presented a particular cost reduction that they wanted achieved and took a "my way or the highway" approach. When the demanded reduction proved not possible, Lowe's was unwilling to renew the contract with Jack-Post for the 2024 holiday season.

**Defendants' Unlawful and Infringing Conduct**

28. Jack-Post expected that Lowe's would offer one of Jack-Post's competitor's products in place of Jack-Post's. However, instead of offering a competitor product, in November of 2024, Jack-Post discovered that Lowe's instead was offering a new welded Christmas tree stand, described as "Santa's Solution 26-in Metal 12-ft Tree Stand" (Item #6296465, Model #36620),

manufactured by Panacea Products, that was an exact copy of Jack-Post's 7304 Welded Tree Stand (the "Panacea Accused Stand"). *See* Exhibit D ("Panacea Accused Stand Product Listing"); *available at* https://www.lowes.com/pd/Panacea-Products-12-ft-HD-Metal-Christmas-l-Tree-Stand/5015349891 (last visited Nov. 25, 2024). The Panacea Accused Stand is an exact copy of Jack-Post's 7304 Welded Tree Stand:

| JACK-POST'S 7304 WELDED TREE STAND | THE PANACEA STAND |
| --- | --- |
|  | |
| Ex. A at 1. | Ex. D at 1. |

29.     The Panacea Accused Stand copies the Jack-Post Christmas Stand Configuration Trade Dress in its entirety, copying all of the distinctive decorative features of the 7304 Welded Tree Stand, including the tubular steel legs, the oversize bowl, the identical shade of textured green powder coat paint, and the bright red feet on the stand.

30.     The Panacea Accused Stand also uses the same "look for" packaging, which features the configuration of the open-box design of the packaging for the 7304 Welded Tree Stand, including specifically the front cut-out, side hand-holes, and four white zip-ties to secure the product.

| Jack-Post's 7304 Welded Tree Stand's "Look-For" Packaging | The Panacea Accused Stand's "Look-For" Packaging |
|---|---|



31.    On information and belief, Defendant Panacea's infringing product was specifically created to replace the Jack-Post product at Lowe's and is not available at any other retailers other than Defendant Lowe's.

32.    Investigation into the Lowe's listing for the Panacea Accused Stand shows that the listing was not indexed by Google until on or about June 17, 2024—months after Defendant Lowe's refused to renew its contract with Jack-Post to sell the 7304 Welded Tree Stand during the 2024 season:



| PANACEA ACCUSED STAND APPEARS ON LOWE'S WEBSITE ON OR ABOUT JUNE 18, 2024 | |
|---|---|
| **URL for Date Limited Google Search** | **Google Search Results** |
| https://www.google.com/search?q=inurl%3Ahttps%3A%2F%2Fwww.lowes.com%2Fpd%2FPanacea-Products-12-ft-HD-Metal-Christmas-l-Tree-Stand%2F5015349891&sca_esv=7007c42d54e7c1db&rlz=1C1GCHF_enUS1119US1119&biw=1838&bih=2220&sxsrf=ADLYWIJ99f9xeTCw_s8bJ7jn4ddHbPp5Hw%3A1732142039610&source=lnt&tbs=cdr%3A1%2Ccd_min%3A%2Ccd_max%3A6%2F17%2F2024&tbm= |  |
| https://www.google.com/search?q=inurl%3Ahttps%3A%2F%2Fwww.lowes.com%2Fpd%2FPanacea-Products-12-ft-HD-Metal-Christmas-l-Tree-Stand%2F5015349891&sca_esv=7007c42d54e7c1db&rlz=1C1GCHF_enUS1119US1119&biw=1838&bih=2220&sxsrf=ADLYWIJ99f9xeTCw_s8bJ7jn4ddHbPp5Hw%3A1732142039610&source=lnt&tbs=cdr%3A1%2Ccd_min%3A%2Ccd_max%3A6%2F18%2F2024&tbm= |  |

33. The first indication of Panacea's infringing product on its own website (the "36620 FAQ" page, available at https://www.panaceaproducts.com/36620/faqs (last visited Nov. 26, 2024)) was first indexed by Google on or about August 8, 2024—months after it first appeared on Defendant Lowe's website.



34.     On information and belief, Defendant Panacea did not market its infringing product before it appeared on Defendant Lowe's website.

35.     On information and belief, and based on the fact that Defendant Panacea's infringing product is only offered for sale through Defendant Lowe's website and retail stores, and that Defendant Panacea's infringing product first appeared after Defendant Lowe's refused to renew its contract with Jack-Post to sell the 7304 Welded Tree Stand during the 2024 season, Defendant Lowe's instructed Defendant Panacea to copy the Jack-Post Christmas Stand Configuration Trade Dress in its infringing product to sell in place of Jack-Post's 7304 Welded Tree Stand during the 2024 season.

**Jack-Post's Cease and Desist Letters**

36.     Plaintiff sent cease-and-desist letters to Defendant Panacea on November 19, 2024—which on information and belief, would have been forwarded to Lowe's promptly when received—and a separate letter to Defendant Lowe's on November 23, 2024. *See* Exhibit E; Exhibit F (collectively "Cease and Desist Letters"). The Cease and-Desist Letters, among other things, demand that Defendants immediately stop making, using, and selling a product that is confusingly similar to the Jack-Post Christmas Stand Configuration Trade Dress. *Id.*

37.     Unfortunately, however, Defendants have not substantively responded to these letters and continue to use the Jack-Post Christmas Stand Configuration Trade Dress.

**Consumer Confusion and Jack-Post's Injury**

38.     Defendants' repeated unlawful conduct has caused, and will continue to cause, a likelihood of confusion among consumers.

39.     Lowe's continues to sell remaining pre-2024 stock of Jack-Post's 7304 Welded Tree Stands on its website and at select retail locations, now branded as an OEM product with "Lowe's" name and nothing to identify the product as a Jack-Post product on the Lowe's website listing, but with the same Item #54896, Model #7304-LC as historically used for the Jack-Post's 7304 Welded Tree Stands. *See* Ex. A.

40.     Lowe's website offers the Panacea Accused Stand with the "Santa's Solution" branding as the first suggestion or product recommendation under the "More like this item" section of the listing for Jack-Post's 7304 Welded Tree Stand. *See* Ex. A at 2.

41.     As of November 21, 2024, the Lowe's listing for the Panacea Accused Stand with the "Santa's Solution" branding identifies "500+ bought last week" for the Panacea Accused Stand, and Jack-Post's 7304 Welded Tree Stand identified only by the Lowe's name, listed as the "bestseller" with "1k+ views last week."



Ex. D at 4.

42.     A Google Image Search of the product image for the Panacea Accused Stand used on the Lowe's website product listing (Ex. D at 1) confuses that image with images of Jack-Post's 7304 Welded Tree Stand embodying the Jack-Post Christmas Stand Configuration Trade Dress:



Exhibit G ("Google Image Search Results") at 1 (available at https://www.google.com/search/about-this-image?img=H4sIAAAAAAA_-MS5bhw9Edzz6UrlzQFtrR-mLV77oaNxxgBSMW

ELxcAAAA%3D&q=https:%25%E2%80%A6, last visited Nov. 26, 2024). This computer-based confusion shows that the Panacea Accused Stand infringes the Jack-Post Christmas Stand Configuration Trade Dress.

43.    As a result of Defendants' recent copycat product, consumers have been confused into believing, falsely, that Defendants are selling the Jack-Post product offered under Jack-Post Christmas Stand Configuration Trade Dress, or that Defendants are otherwise affiliated with Jack-Post.

44.    Plaintiff Jack-Post ordered and picked-up one of the "Lowe's" branded stands on November 20, 2024, and confirmed that it is, indeed, Jack-Post's 7304 Welded Tree Stand. Below is a picture of the 7304 Welded Tree Stand purchased at Lowes on November 20, 2024:



45.    By now marketing the Jack-Post product under the Lowe's name on its website, consumers are misled to believe that the authentic Jack-Post product bearing the distinctive Jack-Post Christmas Stand Configuration Trade Dress, is simply a fungible OEM product offered by

multiple manufacturers.

46.     The Panacea Accused Stand with the "Santa's Solution" branding is being merchandised by Lowe's in the exact same location at the same retail locations as Jack-Post's 7304 Welded Tree Stand identified by the Jack-Post Christmas Stand Configuration Trade Dress. Lowe's employees have directly expressed difficulty in telling the products apart.

47.     Such known instances of confusion underscore the undoubtedly many more unknown instances of confusion that together have robbed Jack-Post of customers, profits, and the benefit of Jack-Post's hard-earned goodwill in its product identified with the Jack-Post Christmas Stand Configuration Trade Dress.

## <u>COUNT I</u>

**Trade Dress Infringement Against All Defendants**
**(Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

48.     Plaintiff Jack-Post incorporates by reference and re-alleges each and every allegation of Paragraphs 1 through 47 as set forth herein.

49.     Defendants' acts complained of herein constitute trade dress infringement in violation of 15 U.S.C. § 1125(a). In particular, Defendants' acts relating to Jack-Post Christmas Stand Configuration Trade Dress constitute trade dress infringement in violation of 15 U.S.C. § 1125(a).

50.     Defendants' use of Jack-Post Christmas Stand Configuration Trade Dress on a directly competing product is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendant Panacea with Jack-Post, and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with Jack-Post.

51.     The Jack-Post Christmas Stand Configuration Trade Dress is entitled to protection under the Lanham Act. The Jack-Post Christmas Stand Configuration Trade Dress includes unique, inherently distinctive, and non-functional designs. Jack-Post has extensively and continuously promoted and used and sold products bearing the Jack-Post Christmas Stand Configuration Trade Dress in commerce in the United States, including in this District. Through that extensive and continuous and substantially exclusive use, the Jack-Post Christmas Stand Configuration Trade Dress has become a well-known indicator of the origin of Jack-Post's Christmas Stand and has acquired substantial secondary meaning in the marketplace. Moreover, the Jack-Post Christmas Stand Configuration Trade Dress acquired this secondary meaning before Defendants commenced their unlawful use of the Jack-Post Christmas Stand Configuration Trade Dress in connection with the infringing products.

52.     Jack-Post has been damaged by Defendants' unlawful use of the Jack-Post Christmas Stand Configuration Trade Dress, and, unless enjoined, Defendants' unlawful use of the Jack-Post Christmas Stand Configuration Trade Dress will continue to cause substantial and irreparable injury to Jack-Post for which Jack-Post has no adequate remedy at law. The injury to Jack-Post includes at least substantial and irreparable injury to the goodwill and reputation for quality associated with Jack-Post, the Jack-Post Christmas Stand Configuration Trade Dress, and Jack-Post's Christmas Stand.

53.     Defendants' use of the Jack-Post Christmas Stand Configuration Trade Dress has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of the infringing product design to the Jack-Post Christmas Stand Configuration Trade Dress, as demonstrated above.

54.     Jack-Post is entitled to injunctive relief, and Jack-Post is entitled to recover at least

Defendants' profits, Jack-Post's actual damages, enhanced damages/profits, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

55.     In view of the nature of Defendants' acts in violation of 15 U.S.C. § 1125(a) complained of herein, and/or Defendants' willfulness and bad faith, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II

**Contributory Trade Dress Infringement Against Defendant Lowe's**
**(Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

56.     Plaintiff Jack-Post incorporates by reference and re-alleges each and every allegation of Paragraphs 1 through 55 as set forth herein.

57.     Jack-Post has established a unique and distinctive Trade Dress, and the good will attendant thereto.

58.     Defendant Panacea began selling products virtually identical to Jack Post's distinctive metal Christmas tree stand to Defendant Lowe's that were confusingly similar to the Jack-Post Christmas Stand Configuration Trade Dress.

59.     Defendant Lowe's knew or had reason to know that Defendant Panacea was infringing the Jack-Post Christmas Stand Configuration Trade Dress because the design of the Jack-Post products and the Defendant Panacea product is virtually identical, and as a sophisticated retail consumer, Defendant Lowe's should have known Defendant Panacea was acting in derogation of Jack-Post's rights.

60.     Defendant Lowe's was at least willfully blind to Defendant Panacea's ongoing violations of Jack-Post's rights in the Jack-Post Christmas Stand Configuration Trade Dress.

61.     Defendant Lowe's use in interstate commerce of the Jack-Post Christmas Stand Configuration Trade Dress in connection with the promotion, advertisement, or sales of Defendant

Panacea's products constitutes a reproduction, copy, and/or colorable imitation of the Jack-Post Christmas Stand Configuration Trade Dress and therefore infringes upon same.

62. Defendant Lowe's sale of Defendant Panacea's infringing products has caused or materially contributed to confusion, is likely to cause further confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendant Panacea with Jack-Post, or as to the origin, sponsorship, or approval of Defendant Panacea's goods, services, or commercial activities by Jack-Post.

63. Defendant Lowe's actions constitute direct and contributory unfair competition, false designation of origin, and palming off in violation of § 43(a) of the Lanham Act.

64. By reason of Defendant Lowe's acts and practices, Defendant Lowe's has caused and, unless enjoined by this Court, will continue to cause consumer confusion and immediate and irreparable harm to Jack-Post for which Jack-Post lacks an adequate remedy at law.

65. In addition to the irreparable harm Jack-Post has suffered, by reason of Defendant Lowe's acts and practices in violation of § 43(a) of the Lanham Act, Jack-Post has suffered and will continue to suffer monetary damages in an amount to be proven at trial, including, but not limited to, damage to its business, loss of market share, goodwill, reputation, and lost revenues and profits.

66. Defendant Lowe's has acted willfully, deliberately, and with reckless disregard for Jack-Post's rights.

67. Pursuant to 15 U.S.C. § 1117(a), Jack-Post is entitled to recover Defendant Lowe's profits derived from its use of the Jack-Post Christmas Stand Configuration Trade Dress, as well as any damages Jack-Post has suffered and the costs of bringing this action.

68. Additionally, because Defendant Lowe's conduct was willful and deliberate, Jack-

Post is entitled to recover enhanced damages not to exceed three times its actual damages under 15 U.S.C. § 1117(a).

69.     Furthermore, Jack-Post is entitled to recover its attorneys' fees as Lowe's actions were deliberate, willful, egregious, and oppressive, rendering this an "exceptional" case under 15 U.S.C. § 1117(a).

70.     Jack-Post is entitled to an Order requiring Defendant Lowe's to deliver up and/or destroy all infringing products in its possession or control under 15 U.S.C. § 1118.

<div align="center">

**COUNT III**

**Violation Of Illinois' Uniform Deceptive Trade Practices Act**
**(815 ILCS 510/1 *et seq.*)**

</div>

71.     Plaintiff Jack-Post incorporates by reference and re-alleges each and every allegation of Paragraphs 1 through 70 as set forth herein.

72.     Plaintiff Jack-Post owns and has the exclusive right to use, and actively uses the Jack-Post Christmas Stand Configuration Trade Dress in the United States and in Illinois.

73.     As alleged herein, Defendants have, without consent or authorization from Jack-Post, used and continue to use the Jack-Post Christmas Stand Configuration Trade Dress on knockoff or counterfeit products sold in interstate commerce, including in the State of Illinois.

74.     Defendants' decision to copy the Jack-Post Christmas Stand Configuration Trade Dress in order to sell Defendant Panacea's product in markets competing with Plaintiff constitutes unfair methods of competition and unfair trade practices.

75.     The similarity between Defendant Panacea's product using the Jack-Post Christmas Stand Configuration Trade Dress and the Jack-Post Christmas Stand Configuration Trade Dress itself is so great as to be likely to cause confusion, mistake, or deception as to the source or origin of Defendant Panacea's products in that the public and others are likely to believe that Defendant

Panacea's products are manufactured by, promoted by, sponsored by, approved by, licensed by, affiliated with, or in some other way connected with Jack-Post.

76.     Upon information and belief, Defendants' copying of the Jack-Post Christmas Stand Configuration Trade Dress, on the precise category and type of goods also sold by Plaintiff, to the same customers as those of Plaintiff, demonstrates Defendants' intentional copying.

77.     By reason of the acts set forth herein, Defendants have engaged in deceptive trade practices under applicable Illinois law by, among other things, (i) passing off its goods as those of Jack-Post; (ii) causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of services; (iii) causing likelihood of confusion or misunderstanding as to the affiliation, connection, or association of Defendants or Defendants' goods with Jack-Post or Jack-Post's goods; and (iv) engaging in other conduct which similarly creates a likelihood of confusion or misunderstanding. *See* 815 ILCS 510/2(1)–(3).

78.     Defendants' aforementioned unfair, abusive, and/or deceptive acts, omissions, and/or practices were made in the course of their business, vocation, or occupation within the meaning of 815 ILCS 510/2.

79.     Defendants' deceptive trade practices are causing and are likely to cause substantial injury to the public.

80.     Due to the unfair nature of Defendants' actions, Defendants have caused, and unless enjoined by this Court, will continue to cause, serious and irreparable injury and damage to Jack-Post, for which Jack-Post has no adequate remedy at law.

81.     Jack-Post has suffered and continues to suffer irreparable harm as a result of Defendants' infringing conduct, and a preliminary and permanent injunction is necessary to prevent confusion or misunderstanding as to source going forward.

82.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Jack-Post Christmas Stand Configuration Trade Dress, thus entitling Jack-Post to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and attorneys' fees.

<u>**COUNT IV**</u>

**Violation Of The Illinois Consumer Fraud And Deceptive Business Practices Act**
**(815 ILCS 505/1)**

83.    Plaintiff Jack-Post incorporates by reference and re-alleges each and every allegation of Paragraphs 1 through 82 as set forth herein.

84.    Plaintiff Jack-Post owns and has the exclusive right to use, and actively uses the Jack-Post Christmas Stand Configuration Trade Dress in the United States and in Illinois.

85.    As alleged herein, Defendants have, without consent or authorization from Jack-Post, used and continue to use the Jack-Post Christmas Stand Configuration Trade Dress on knockoff or counterfeit products sold in interstate commerce, including in the State of Illinois.

86.    Defendants' decision to copy the Jack-Post Christmas Stand Configuration Trade Dress in order to sell Defendant Panacea's product in competing markets with Plaintiff constitutes unfair and/or deceptive business practices, which have caused Jack-Post to suffer actual damages.

87.    The similarity between Defendant Panacea's product using the Jack-Post Christmas Stand Configuration Trade Dress and the Jack-Post Christmas Stand Configuration Trade Dress itself is so great as to be likely to cause confusion, mistake, or deception as to the source or origin of Defendant Panacea's products in that the public and others are likely to believe that Defendant Panacea's products are manufactured by, promoted by, sponsored by, approved by, licensed by, affiliated with, or in some other way connected with Jack-Post.

88.    Upon information and belief, Defendants' copying of the Jack-Post Christmas

Stand Configuration Trade Dress, on the precise category and type of goods also sold by Plaintiff, to the same customers as those of Plaintiff, demonstrates Defendants' intentional copying.

89.     By reason of the acts set forth herein, Defendants have engaged in unfair and/or deceptive practices under applicable Illinois law by, among other things, (i) passing off its goods as those of Jack-Post; (ii) causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of services; (iii) causing likelihood of confusion or misunderstanding as to the affiliation, connection, or association of Defendants or Defendants' goods with Jack-Post or Jack-Post's goods; and (iv) engaging in other conduct which similarly creates a likelihood of confusion or misunderstanding. *See* 815 ILCS 505/2.

90.     In engaging in the aforementioned unfair and/or deceptive acts, omissions, and/or practices, Defendants intended for consumers to suffer confusion and to rely on their deception.

91.     Defendants' unfair and/or deceptive acts, omissions, and/or practices occurred in the normal course of trade or commerce.

92.     Defendants' unfair and/or deceptive acts, omissions, and/or practices have caused, are causing and are likely to cause substantial injury to Jack-Post and consumers at large.

93.     Due to the unfair and deceptive nature of Defendants' actions, Defendants have caused, and unless enjoined by this Court, will continue to cause serious and irreparable injury and damage to Jack-Post, for which Jack-Post has no adequate remedy at law.

94.     Jack-Post has suffered and continues to suffer irreparable harm as a result of Defendants' infringing conduct, and a preliminary and permanent injunction is necessary to prevent confusion or misunderstanding as to source going forward.

95.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Jack-Post Christmas Stand Configuration Trade Dress,

24

thus entitling Jack-Post to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and attorneys' fees.

## COUNT V

### Illinois Common Law Unfair Competition

96.    Plaintiff Jack-Post incorporates by reference and re-alleges each and every allegation of Paragraphs 1 through 95 as set forth herein.

97.    The acts of Defendants complained of herein constitute trade dress infringement, false designations of origin, false advertising, dilution, and other unfair competition in violation of Illinois common law.

98.    Jack-Post has been and continues to be damaged by Defendants' conduct in an amount to be determined at trial.

99.    Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith.

100.    By reason of the foregoing acts, Defendants have caused, and unless enjoined, will continue to cause irreparable harm to Jack-Post. Jack-Post has no adequate remedy at law to address these injuries.

## COUNT VI

### Unjust Enrichment

101.    Plaintiff Jack-Post incorporates by reference and re-alleges each and every allegation of Paragraphs 1 through 100 as set forth herein.

102.    Defendants have been and continue to be unjustly enriched at the expense of Jack-Post by Defendants' acts complained of herein.

103.    Specifically, Defendants have taken unfair advantage of Jack-Post by trading on and profiting from the goodwill and reputation of at least the Jack-Post Christmas Stand

25

Configuration Trade Dress, which was developed and is owned by Jack-Post, resulting in Defendants wrongfully obtaining and retaining a monetary and reputational benefit for its own business and products to Jack-Post's detriment.

104. Defendants' retention of this benefit violates the fundamental principles of justice, equity, and good conscience.

105. Defendants' acts complained of herein constitute unjust enrichment at Jack-Post's expense in violation of Illinois state common law.

106. Jack-Post has been damaged by Defendants' acts of unjust enrichment.

<u>**COUNT VII**</u>

**Illinois Common Law Civil Conspiracy**

107. Plaintiff Jack-Post incorporates by reference and re-alleges each and every allegation of Paragraphs 1 through 106 as set forth herein.

108. Defendant Panacea, on information and belief, reached an agreement whereby it would provide infringing products for sale to Defendant Lowe's.

109. Defendants thereby knowingly and voluntarily participated in a common scheme to infringe Jack-Post's rights in the Jack-Post Christmas Stand Configuration Trade Dress, in violation of the Lanham Act and Illinois law.

110. Defendant Lowe's assisted and encouraged Defendant Panacea in its plan to infringe the Jack-Post Christmas Stand Configuration Trade Dress when it individually and/or collectively agreed to purchase those infringing products from Defendant Panacea and offer them for sale to the public.

111. Defendant Panacea committed overt tortious acts in furtherance of the conspiracy, to wit, selling infringing products to Defendant Lowe's and thereby infringing the Jack-Post Christmas Stand Configuration Trade Dress.

26

112. Defendant Lowe's committed overt tortious acts in furtherance of the conspiracy, to wit, selling infringing products to the public.

113. As a result of the Defendants' unlawful scheme, Jack-Post has suffered and will continue to suffer monetary damages in an amount to be proven at trial, including, but not limited to, damages to its business, goodwill, reputation, and profits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jack-Post respectfully prays for the following relief:

A.    A judgment that:

    a.   Defendants have each engaged in unfair competition and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15. U.S.C. § 1125(a);

    b.   Defendant Lowes has directly and contributorily committed unfair competition, false designation of origin, and palming off in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a);

    c.   Defendants have engaged in unfair and deceptive trade practices in violation of 815 ILCS 505/1 *et seq.* and 815 ILCS 510/2 *et seq.*;

    d.   Defendants have engaged in trade dress infringement in violation of Illinois common law;

    e.   Defendants have been unjustly enriched by their infringement of the Jack-Post Christmas Stand Configuration Trade Dress;

    f.   Defendants entered into a civil conspiracy to infringe the Jack-Post Christmas Stand Configuration Trade Dress; and

    g.   Defendants' actions were willful, intentional and knowing.

B.    Temporarily, preliminarily, and permanently enjoining Defendant Panacea and

27

Defendant Lowe's, their officers, agents, licensees, assignees, successors, servants, employees, attorneys, and all other persons in active concert or participation with Defendants from doing any of the following acts, either directly or indirectly, and from doing any act prefatory to the prohibited acts:

    a. Using and further infringing on the Jack-Post Christmas Stand Configuration Trade Dress or any designation, entity name, or product design that is confusingly similar to the Jack-Post Christmas Stand Configuration Trade Dress.

    b. Advertising, displaying, or promoting in any manner any product by using the Jack-Post Christmas Stand Configuration Trade Dress, or any designation that is confusingly similar thereto in connection with Christmas tree stands.

    c. Holding out or suggesting in any manner whatsoever that Defendant Panacea or its products are in any way sponsored by, associated with, or affiliated with Plaintiff Jack-Post, or Plaintiff Jack-Post's goods in any way; and

    d. Engaging in any other activity constituting unfair competition with Plaintiff Jack-Post or constituting infringement of or unfair competition with the Jack-Post Christmas Stand Configuration Trade Dress.

C.    Ordering Defendants to promptly file with the Court and serve upon Jack-Post a report, in writing and under oath, setting forth in detail the manner in which Defendants have complied with any injunction issue by the Court, pursuant to 15 U.S.C. § 1116(a).

D.    Ordering Defendants to deliver to the Clerk of this Court proof of destruction of

any and all materials in Defendants' possession, custody, or control that depict or relate to the development, marketing, or sale of their infringing goods, or any other related materials bearing trade dress confusingly similar to the Jack-Post's Trade Dress in accordance with 15 U.S.C. § 1118.

       E.      Ordering Defendants to pay over to Jack-Post all gains, profits, and advantages realized by Defendants from their unlawful acts and omissions complained of herein, pursuant to 15 U.S.C. § 1117.

       F.      Ordering an award of Plaintiff's actual and consequential damages under law for Defendants' civil conspiracy to infringe Jack-Post's Trade Dress.

       G.      Ordering an award of pre-judgment interest.

       H.      Plaintiff be awarded its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a) and all damages suffered by Jack-Post in an amount to be determined at trial, plus interest as allowed by law, pursuant to 815 ILCS 510/3.

       I.      Ordering such other and further relief as the Court may deem just and proper, including an award of punitive and exemplary damages.

## **JURY DEMAND**

Jack-Post, by counsel, hereby requests a jury trial as to all matters so triable.


Respectfully submitted,

              ICE MILLER LLP

      By:    */s/ Tom Rammer*
              Justin Swindells (IL ARDC No. 6257291)
              Tom Rammer (IL ARDC No. 6297479)
              ICE MILLER LLP
              200 West Madison Street, Suite 3500
              Chicago, IL 60606
              Telephone: 312.726.1567

Fax: 312.726.7102
Justin.Swindells@icemiller.com
Tom.Rammer@icemiller.com

Jacqueline M. Lesser (*pro hac vice* to be filed)
ICE MILLER LLP
1735 Market St., Suite 3900
Philadelphia, PA 19103
Telephone: 215.982.5165
Fax: 215.377.5008
Jacqueline.Lesser@icemiller.com

*Attorneys for Jack-Post*

## **VERIFICATION**

I, Robert Bycraft, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am the current President of Jack-Post Corporation, and I am authorized to make this verification on behalf of Plaintiff Jack-Post Corporation.

2. I have read the Complaint for Damages and Injunctive Relief, am familiar with its contents, and, based on a reasonable inquiry conducted with the assistance of counsel and other employees of Jack-Post Corporation, the Complaint, the exhibits thereto, and the statements contained therein are accurate, have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, and are not being made for any improper purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on 11/25/2024

Robert Bycraft
Jack-Post Corporation

31